UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL LOUIS CRISTINI,

        Plaintiff,                            Case Number 07-11141
                                                        Honorable David M. Lawson

v.

CITY OF WARREN, WARREN POLICE
DEPARTMENT, COUNTY OF MACOMB,
MACOMB COUNTY PROSECUTOR, ALAN
WARNICK, DONALD INGLES, and
MICHAEL SCHULTZ

        Defendants.
_____/

## ORDER DENYING DEFENDANT ALAN WARNICK'S MOTION FOR PROTECTIVE ORDER TO FILE DOCUMENTS UNDER SEAL AND STRIKING SEALED EXHIBIT

On October 31, 2011, defendant Alan Warnick filed a motion for a protective order, seeking leave to file certain documents under seal. The defendant states that Federal Rule of Civil Procedure 5.2(a) allows the Court to enter an order filing documents under seal where such documents contain sensitive, private and personal information, and asserts that the documents he wishes to file under seal contain such information. Also on October 31, 2011, defendant Alan Warnick filed a sealed exhibit.

It is well established that this Court, as every other court, "has supervisory power over its own records and files." *Nixon v. Warner Communications Inc.*, 435 U.S. 589, 598 (1978). Such authority includes fashioning protective orders that limit access to certain court documents. *See* Fed. R. Civ. P. 26(c). But the district court's power to seal records is subject to the "long-established legal tradition" of open access to court documents. *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1177 (6th Cir. 1983). "[T]he courts of this country recognize a general right to

inspect and copy public records and documents, including judicial records and documents." *Nixon*, 435 U.S. at 597 (footnotes omitted); *Brown & Williamson*, 710 F.2d at 1180 (ordering Federal Trade Commission documents unsealed because "[t]he public has a strong interest in obtaining the information contained in the court record."); *see also In re Perrigo Co.*, 128 F.3d 430, 446 (6th Cir.1997) (Moore, J., concurring in part and dissenting in part) (declaring that "[s]ealing court records . . . is a drastic step, and only the most compelling reasons should ever justify non-disclosure of judicial records"). As the court of appeals explained in *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470 (6th Cir. 1983), there is a "presumptive right" of public access to court records, which permits inspection and copying.

> The recognition of this right of access goes back to the Nineteenth Century, when, in *Ex Parte Drawbraugh*, 2 App. D.C. 404 (1894), the D.C. Circuit stated: "Any attempt to maintain secrecy, as to the records of this court, would seem to be inconsistent with the common understanding of what belongs to a public court of record, to which all persons have the right of access."

*Id.* at 474 (citations omitted).

In exercising its discretion to seal judicial records, the Court must balance the public's common law right of access against the interests favoring nondisclosure. *See Nixon*, 435 U.S. at 599, 602 (stating that Court must consider "relevant facts and circumstances of the particular case"); *Belo Broadcasting Corp. v.. Clark*, 654 F.2d 423, 434 (5th Cir. 1981); *see also Bank of Am. Nat'l Trust & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986) (court has a duty to "balance the factors favoring secrecy against the common law presumption of access"); *Newman v. Graddick*, 696 F.2d 796, 803 (11th Cir. 1983) ("The historic presumption of access to judicial records must be considered in the balance of competing interests.").

"Only the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville News-Sentinel*, 723 F.2d at 476. Certainly, the Court has the discretion to limit this access in extraordinary cases, such as when those seeking access intend to "gratify private spite or promote public scandal through the publication of the painful and sometimes disgusting details of a divorce case," or use court "files to serve as reservoirs of libelous statements for press consumption, or as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598. "Trial courts have always been afforded the power to seal their records when interests of privacy outweigh the public's right to know. But . . . the decision as to when judicial records should be sealed is left to the sound discretion of the district court, subject to appellate review for abuse." *Knoxville News-Sentinel*, 723 F.2d at 474.

It was observed in *Tinman v. Blue Cross & Blue Shield of Michigan*, 176 F. Supp. 2d 743 (E.D. Mich. 2001), that in order to have confidential information in a court record kept under seal, the movant must make a specific showing that disclosure of information would result in some sort of serious competitive or financial harm. *Id.* at 745. "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). A showing of substantial personal or financial harm is a prerequisite to an order sealing a file. In this case, no such showing has been made. The only grounds offered in support of sealing the exhibit is an assertion that it contains sensitive, private, and personal information about the plaintiff. More is required to justify the "drastic step" of sealing the exhibit. Further, the defendant has filed an exhibit under seal. For the reasons discussed above, a document may be filed under seal in this Court only upon approval of the Court, and the defendant

has not obtained such approval.  Therefore, the Court will strike from the record defendant Alan Warnick's sealed exhibit in support of his motion for summary judgment.

Accordingly, it is **ORDERED** that the motion for a protective order to file documents under seal [dkt. #101] is **DENIED**.

It is further **ORDERED** that the defendant's sealed exhibit in support of his motion for summary judgment [dkt. #102] is **STRICKEN** from the record in this case.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: November 3, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 3, 2011.

s/Deborah R. Tofil
DEBORAH R. TOFIL